(49 South. 3.)

No. 17,476.

STATE v. REED.

(March 29, 1909.)

CHILDREN — CRIMES—PUNISHMENT—JURISDICTION—JUVENILE COURT.

Act No. 83, p. 98, Acts 1908, § 9, provides that the juvenile court "shall have jurisdiction of trial of all neglected and delinquent children, and of all persons charged with contribution to the neglect or delinquency of such children, or with the violation of any law now in existence or hereafter enacted for the protection of the physical, moral, and mental well-being of such children, not punishable by death or at hard labor," etc. Section 17 provides that, where a child is found to be delinquent, "the court, in cases where the delinquency charged would in an adult amount to a crime punishable at hard labor, may commit said child to the state reformatory." *Held*, that the juvenile court has jurisdiction of an offense by a child punishable by hard labor.

[Ed. Note.—For other cases, see Infants, Dec. Dig. § 18.*]

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Winston Overton, Judge.

Clinton Reed was accused of theft, and a motion was sustained to quash the information and transfer the case to the juvenile court, and the State appeals. Affirmed.

Walter Guion, Atty. Gen., and Joseph Moore, Dist. Atty. (Ruffin Golson Pleasant, of counsel), for the State. Unis Andrew Bell, for appellee.

PROVOSTY, J. The defendant was charged by information with the theft of $600, which is an offense punishable at hard labor. He being less than 17 years old, a motion was made to quash the information and transfer the case to the juvenile court, under Act No. 83, p. 96, of 1908. The motion was sustained, and the state has appealed. The state contends that the juvenile court has no jurisdiction of cases punishable by death or at hard labor. The question depends upon the proper interpretation of section 9 of said Act No. 83, p. 98, of 1908, which reads:

"Sec. 9. Be it further enacted, etc., that the juvenile court of the parish of Orleans and district courts outside of said parish, sitting as juvenile courts, shall have jurisdiction of trial of all neglected and delinquent children, and of all persons charged with contribution to the neglect or delinquency of such children, or with the violation of any law now in existence or hereafter enacted for the protection of the physical, moral, and mental well-being of such children, not punishable by death or at hard labor, and of all cases of desertion or nonsupport of children by either parent."

The state contends that the words "not punishable by death or at hard labor" have reference to "neglected and delinquent children," so as to read:

"The juvenile court shall have jurisdiction of the trial of all neglected and delinquent children not punishable by death or at hard labor."

The defense contends that these words have reference only to the clause beginning "or with the violation of any law," etc., so as to read, "or with the violation of any law * * * not punishable," etc.

The reading contended for by the state has much to recommend it; but it excludes entirely from the jurisdiction of the juvenile court cases punishable at hard labor, and by so doing runs counter to section 17 of the

act. This section provides how the juvenile court may deal with cases punishable at hard labor. From this the necessary implication is that the said court has jurisdiction of cases of that character. The section reads:

"Sec. 17. That in the case of a child found to be delinquent within the meaning of this act, the court, in cases where the delinquency charged would, in an adult, amount to a crime punishable at hard labor, may commit said child to the State Reformatory, and in all other cases to the State Reformatory or to any other institution within the state organized for the care of delinquent children. Said commitment may be for an indefinite period, but in no case beyond the minority of the child."

In the brief of the state it is said that the "court" referred to in this section may as well be the district court as the juvenile court; but this cannot be, since the act does not profess to deal with, or make regulations for, the district court, but only for the juvenile court.

Judgment affirmed.